

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/14/2010

| | | |
|---|---|---|
| IN RE: | § | |
| TRACEY MURLE GUIDRY | § | CASE NO: 10-37113 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## ORDER DENYING MOTION TO VACATE DISMISSAL (doc # 18)

Debtor filed a petition commencing this case under chapter 7 of the Bankruptcy Code on August 22, 2010. Bankruptcy Code § 521(a) requires debtors to file certain information, and Fed. R. Bankr. P. 1007(c) requires that the information be filed within 15 days after the petition date, unless the court extends the deadline for good cause on debtor's motion timely filed.

Debtor did not timely ask for an extension of time and did not file the required documents timely.

Although the statute does not require the Court to give notice of deficiencies, on August 26, 2010 the Court issued an order, docket # 7, that gave notice that Debtor had not complied with the statute. The order also reminded Debtor and counsel that § 521(i) requires "automatic dismissal" of cases in which the required information is not filed within 45 days after the petition date. The "automatic dismissal" is, by statute, effective on the 46th day.

CONCLUSIONS

Forty-five days after August 22 is October 6. Debtor did not timely ask for an extension and did not file the required documents timely. By statute, the bankruptcy petition was dismissed on October 7 (the 46th day after the petition was filed). The Court's dismissal order was issued October 7, 2010. The Court's order merely memorialized the dismissal effected by operation of law.

Debtor has filed an "emergency motion to vacate the order dismissing case for deficiencies" (docket #18). In that motion, Debtor's counsel concedes that the documents required by § 521 were not filed timely, that the failure to file was due to the mistake of counsel, and that statutory dismissal was in fact appropriate. However, Debtor's counsel argues that there is no case law or statute that restricts or prohibits vacating the order of dismissal. Essentially, counsel argues that because §521(i) does not specifically state that a dismissal order pursuant to that section cannot be vacated, then the bankruptcy court has the authority to do so. The Court does not agree.

Section 521(i)(1) states, in relevant part:

> …if an individual debtor in a voluntary case under chapter 7 or 13 fails to
> file all of the information required under subsection (a)(1) within 45 days

>after the date of the filing of the petition, the case shall be **automatically dismissed** effective on the 46th day after the date of the filing of the petition.

11. U.S.C. § 521(i)(1) (emphasis added).  11. U.S.C. § 521(i) (4), which states that the court may decline to dismiss the case if the debtor attempted, in good faith, to file all the information required by §521, **but only** "on the motion of the trustee filed before the expiration of the applicable period of time…," after notice and a hearing, and a finding "that the best interests of creditors would be served by administration of the case." (11 U.S.C. § 521(i)(4)).  In considering these special requirements specifically recited in § 521, it is clear that the Court's authority to vacate orders of statutory dismissal is extremely limited.  Finally, if the Court has the authority to act in contradiction of statutes that do not specifically prohibit such action, then those statutes would cease to have meaning.

As noted, Counsel argues that because the statute does not prohibit the Court from vacating the statutory dismissal, the Court has authority to do so.  That argument is not persuasive.  The Court's responsibility is to interpret the law, to find Congressional intent, not to issue orders merely because Congress did not explicitly prohibit the order.  In this case, Congressional intent and the plain meaning of the statute are not difficult to interpret.

Therefore, the Court denies the request to vacate the order dismissing this case.

Debtors might note that they may, if they wish, file a second bankruptcy case.  However, there are consequences from Debtors having filed a case that was dismissed.  Among those consequences are the following:

1. Another filing fee is required.

2. The automatic stay protecting them from creditor collection actions only continues in force for 30 days.  The effective period of the 362 stay can be extended, but only on motion filed immediately upon filing the case and only on meeting a high burden of proof as stated in the statute.

SIGNED 10/14/2010.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge